**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,** | ) ) ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )  **Case No.  2:15-CV-475-WKW** |
| | ) |
| **MICHAELYN BIEBER, Step-Mother of D.B., deceased,** | ) ) |
| | ) |
| **Defendant,** | ) |
| _____ | ) |
| | ) |
| **SCOTT BIEBER and KAREN HUBBARD, as Co-Administrators of THE ESTATE OF D.B., deceased, *et al*.,** | ) ) ) ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )  **Case No. 2:15-CV-493-WKW** |
| | ) |
| **SENTRY INSURANCE A MUTUAL COMPANY;** | ) ) |
| | ) |
| **Defendant.** | ) |

## <u>SENTRY INSURANCE A MUTUAL COMPANY'S<br>MOTION FOR SUMMARY JUDGMENT</u>

Defendant Sentry Insurance Mutual Company ("Sentry") moves this

Honorable Court, pursuant to Rule 56 of the *Federal Rules of Civil Procedure* and

applicable Alabama law, for entry of summary judgment in its favor as to all

claims made by Scott Bieber and Karen Hubbard, as co-administrators of the Estate of D.B., deceased, for the following reasons:

1. There is no coverage for this accident under the Sentry Business Auto Policy because D.B. was not an insured and was not occupying a covered auto or temporary substitute for a covered auto at the time of the accident.

2. There is no coverage for this accident under the Sentry Commercial Umbrella Policy because D.B. was not an insured and was not occupying a covered auto or temporary substitute for a covered auto at the time of the accident.

3. There is no coverage for this accident under the Sentry Commercial Umbrella Policy because UM/UIM coverage is expressly excluded in the policy.

4. The D.B. Estate's claim for wantonness against Sentry fail and is due to be dismissed because there is no evidence of any wanton conduct by Sentry that is causally connected to D.B.'s death.

## I.   INTRODUCTION

This case arises from a November 23, 2014 automobile accident in Elmore County, Alabama. D.B. was a passenger in one of the automobiles involved in the accident and suffered injuries which resulted in his death.  Scott Bieber ("Scott") is the owner of South East Landscape Management, LLC and D.B.'s father.  Karen Hubbard is D.B.'s mother and Scott's ex-wife (collectively "the D.B. Estate").

Sentry issued a Business Auto Policy, policy no. TSA02975, to South East Landscape Mgmt, Inc. (the "Insured") on an occurrence basis for the period of July 18, 2014 to July 18, 2015. Exhibit A. Sentry also issued a Commercial Umbrella

Policy, policy no. TSU02973, to South East Landscape for the same time period (collectively "the Sentry Policies"). Exhibit B. On July 9, 2015, the D.B. Estate filed this lawsuit against Sentry for underinsured motorist benefits under the Sentry Policies and for wantonness.

Under the Business Auto Policy, UM/UIM coverage is only available to an insured.  The Business Auto Policy limits an insured to the "Named Insured" (South East Landscape), and anyone occupying a covered "auto" or a temporary substitute for a covered "auto".  D.B. was not a named insured and was not occupying a covered "auto" or a temporary substitute for a covered "auto" at the time of the accident.  Therefore, there is no coverage under this policy.

Under the Commercial Umbrella Policy, coverage is only available to an insured.  However, coverage for UM/UIM is explicitly excluded: "This insurance does not apply to 'bodily injury' or 'property damage' arising out of the ownership, maintenance, or use of any 'auto' which is not a covered 'auto'; or any loss, cost or expense payable or resulting from uninsured or underinsured motorist law."  Additionally, the vehicle D.B. was occupying was not a "covered auto" and D.B. was not an insured.  Therefore, there is no coverage under this policy.

The D.B. Estate's wantonness claim against Sentry is due to be dismissed as a matter of law.  The D.B. Estate cannot prove that Sentry's conduct was the

proximate cause of D.B.'s death and that Sentry's conduct was carried on with a reckless or conscious disregard of the rights or safety of others.

This Court should grant Sentry's Motion for Summary Judgment dismissing the D.B. Estate's claims against Sentry and declare that the Sentry Policies do not provide coverage for D.B.'s death in this case.

## II.    UNDISPUTED FACTS

### A.    Pertinent Background

The Sentry policies listed South East Landscape as an "Inc.," but it was actually a limited liability company.  Scott Bieber Deposition, p. 57:5-14, excerpts attached as Exhibit C. Scott Bieber was the sole owner/member of South East Landscape.  Exhibit C, p. 60:1-18. His son, D.B., was a 16 year old high school student at the time of the accident.  Exhibit C, pp. 12:13-16, 21:19-23. He worked part-time for South East Landscape as "contract labor."   Exhibit C, p. 21:7-14. Southeast Landscape did not have any W-2 employees. Exhibit C, p. 36:15-17.

D.B. and his friend, H.H.,  worked for South East Landscape the day before the accident (the "Dozier job"); they finished by noon on that Saturday. Ex. C, p. 23:3-11.  They used three of the four work trucks on the Dozier job.  Exhibit C, p. 52:1-21.

D.B. and his friend, H.H., left Scott Bieber's house on Sunday in H.H.'s truck.  Exhibit C, p. 50:11-13.  D.B. declined to use any of the work trucks. *Id.* at

4

p. 50:14-20.  Scott Bieber later learned they stopped by Karen Hubbard's house, went to A.A.'s house and got into his car, and were headed to Dairy Queen when the accident happened.  Exhibit C, pp. 49:13-50:10.  D.B. died on Sunday.  Exhibit C, 23:4-11.

To be a covered "auto" the vehicle had to be owned by the named insured, South East Landscape.  D.B.'s truck was titled in his mother's name (Karen Bieber). Exhibit C 29:4-20.  However, it was insured on Scott Bieber's personal auto policy with Safeco.  Exhibit C, 29:21-30:21.

Scott Bieber had no vehicles titled in his name.  Exhibit C, p. 31:1-7.  Four pick-up trucks were titled to "SELM, Inc." or Gerri Spinozzi in October/November 2014 (collectively the "work trucks").  Exhibit C, 34:4-14, 37:8-21.   All work trucks were "insured through the company."  Exhibit C 37:22-38:3.  Scott Bieber understands with regard to Sentry, "all they insure is company vehicles."  Exhibit C, 71:5-73:22.

All maintenance and gasoline charges for the work trucks were by South East Landscape.  Exhibit C, p. 45:9-13.  Scott Bieber also charged maintenance and gasoline for D.B.'s truck to the company.  Exhibit C, p. 45:14-18.

The work trucks were not assigned to particular drivers, just whoever needed a truck for work that day.  Exhibit C, p. 38:9-15.  Sometimes D.B. drove a work truck and sometimes used his truck for work.  Exhibit C, pp. 38:16-39:9. None of

the work truck were broken down in October/November 2014.  Exhibit C, p. 65:7-10.  More specifically, all work truck were operating in November.  Exhibit C, p. 66:8-11.

A.A. did not work for South East Landscape.  Exhibit C, pp. 47:20-48:3. Neither did A.A.'s father.  Exhibit C, p. 48:4-6.  In fact, Scott Bieber did not know A.A.'s father until after the accident.  Exhibit C, p. 48:7-9.  Scott Bieber had no business dealings with that family.  Exhibit C, p. 55:18-22.

**B.   Automobile Accident**

On the evening of November 23, 2014, D.B., the minor deceased, was a passenger in a vehicle driven by non-party, A.A., a minor, traveling north on County Road 59, aka Firetower Road, in Elmore County, Alabama.  Am. Compl., para. 6.  A.A. was driving a 2003 635 Infiniti owned by Perry Augustine.  Am. Compl., para. 7.  *See also* Alabama Uniform Traffic Crash Report hereinafter Exhibit D.  At the same time, non-party Deputy James B. Hart was traveling south on the same road.  Am. Compl., para. 9.  A.A.'s vehicle collided with Deputy Hart's vehicle at a high rate of speed causing significant injuries to all parties involved.  Am. Compl., paras. 10-11.  D.B. died as a result of his injuries.  Am. Compl., para. 11.

**C.     Lawsuit**

On July 9, 2015, the D.B. Estate filed a Complaint against Sentry and State Farm Automobile Insurance Company in the U. S. District Court for the Middle District of Alabama, Northern Division, case no. 2:15-cv-493-WHA-CSC. [Doc.1]. On July 10, 2015, the D.B. Estate filed an Amended Complaint.  [Doc. 3]. Count One of the Amended Complaint appears to seek damages against the defendants for A.A.'s wanton operation of his vehicle which led to D.B.'s death. Count Two of the Amended Complaint seeks Underinsured Motorist benefits from the defendants for insurance policies issued by the defendants.  On August 3, 2015, Sentry filed its Answer to the Amended Complaint and a Declaratory Judgment action seeking, in part, a declaration from the Court that the D.B. Estate is not entitled to any benefits under the Sentry Policies.

**D.     The Sentry Policies**

At the time of the accident, South East Landscape was owned by Scott Bieber, D.B.'s father.  Am. Compl., para. 1.  *See also* Exhibit C, pp. 60:1-18. Sentry issued a Business Auto Policy, policy no. TSA02975 to South East Landscape (the "Insured") on an occurrence basis for the period of July 18, 2014 to July 18, 2015. Exhibit A. Sentry also issued a Commercial Umbrella Policy, policy no. TSU02973 to South East Landscape for the same time period (collectively "the Sentry Policies"). Exhibit B. The automobile D.B. was occupying was not a

covered "auto" as defined by the Sentry Policies.  *See* Plaintiffs' Response to Defendant Sentry Insurance A Mutual Company's Request for Admissions, no. 2, attached hereto as Exhibit E.

**1.     The Business Auto Policy**

The Business Auto Declarations, Item Two, Schedule Of Coverages And Covered Autos provide:

> This policy provides only those coverages where a charge is shown in the premium column below.  Each of these coverages will apply only to those "autos" shown as covered "autos."  **"Autos" are shown as covered "autos" for a particular coverage by the entry of one or more of the symbols from the Covered Autos Section of the Business Auto Coverage Form next to the name of the coverage.**

Exhibit A, CA DS 03 03 06, p. 2.

The "Covered Autos" for Uninsured Motorists coverage are designated by symbol "2," *i.e.*, "Owned 'Autos' Only." *See* Exhibit A, CA DS 03 03 06 and CA 00 01 03 06.  "Owned 'Autos' Only" are described as "only those 'autos' you own....  This includes those 'autos' you acquire ownership of after the policy begins."  Exhibit A, CA 00 01 03 06, p. 1.

The business auto coverage form is prefaced with the following:

## BUSINESS AUTO COVERAGE FORM

Various provisions in this policy restrict coverage.  Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning.  Refer to Section **V** – Definitions.

## SECTION I – COVERED AUTOS

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages.  The following numerical symbols describe the "autos" that may be covered "autos".  The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

## A.  Description Of Covered Auto Designation Symbols

| Symbol | Description of Covered Auto Designation Symbols | |
|--------|------------------|---|
| **1** | Any "Auto" | |
| **2** | Owned "Autos" Only | Only those "autos" you own.... This includes those "autos" you acquire ownership of after the policy begins. |

*See* Exhibit A, CA 00 01 03 06, p. 1.  The "covered autos" listed in the policy are

as follows:

| Covered Auto No. | Year | Model | Body Type | VIN |
|------------------|------|-------|-----------|-----|
| 1 | 2005 | Chevrolet | K29 HD | 1GCHK29U15E341724 |
| 2 | 2007 | Chevrolet | K23 HD | 1GCHK23D87F183050 |
| 3 | 1998 | Utility | Trailer | TW8016982W0A03158 |

| 4 | 2004 | Utility | Trailer | 1TTBP724943870240 |
| 5 | 1996 | GMC | C33 HD | 1GCGC33R7WF024450 |

*See* Exhibit A, CA DS 03 03 06, p. 3, ITEM THREE, Schedule of Covered Autos

You Own.

The Alabama Uninsured Motorist Coverage endorsement provides:

**A. Coverage**

   **1.** We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle".

   ….

**B. Who Is An Insured**

   If the Named Insured is designated in the Declarations as … [a] …limited liability company, corporation … then the following are "insureds":

   **a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

   **b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Exhibit A, CA 21 59 03 06.

The Alabama Auto Medical Payments Coverage endorsement provides:

### A. Coverage

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident"....

### B. Who Is An Insured

**1.** You while "occupying" or, while a pedestrian, when struck by any "auto".

**2.** If you are an individual, any "family member" while "occupying" or, while a pedestrian, when struck by any "auto".

**3.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto".  The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.

Exhibit A, CA 99 03 03 06, p. 1.

### 2.      The Commercial Umbrella Policy

The Commercial Umbrella policy, Exhibit B, expressly excludes coverage

for UM/UIM payments:

### 2. Exclusions

This insurance does not apply to:

...

### f. Auto Coverages

(1) "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

(2) Any loss, cost or expense payable under or resulting from any first party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

Exhibit B, CU 00 01 12 01, p. 2.

Section II of the Policy defines the insured:

### SECTION II - WHO IS AN INSURED

**1.** Except for liability arising out of the ownership, maintenance, or, use of "covered autos":

**a.** If you are designated in the Declarations as:

....

**(3)** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

**(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only [for certain acts].... Your stockholders are also insureds [for certain acts] ....,

….

12

**b.** Each of the following is also an insured:

    **(1)** Your "volunteer workers" ... your "employees"...; or your managers ..., but only for [certain] acts....

    ....

**2.** Only with respect to liability arising out of the ownership, maintenance, or use of "covered autos":

    **a.** You are an insured.

    **b.** Anyone else while using with your permission a "covered auto" ... [with certain exceptions]....

....

**3.** Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

....

Exhibit B, CU 00 01 12 01, pp. 8-9.

## III.   <u>STANDARD OF REVIEW</u>

The usual standard of review applies to this summary judgment motion. *See, e.g.*, FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); and *Clarke v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Thus, to defeat this summary judgment motion, the D.B. Estate must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the non-moving party. *Dominick v. Dixie Nat'l Life Ins. Co.*,

809 F.2d 1559 (11th Cir. 1989).  If they cannot do so, Sentry is entitled to judgment on the claims asserted by the D.B. Estate as a matter of law.

Under Alabama law, the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy.  *Univ. Underwriters Ins. Co. v. Stokes Chevrolet, Inc.*, 990 F.2d 598 (11th Cir. 1993).  The insurer then bears the burden of proving the applicability of any policy exclusion.  *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 12 (Ala. 2001). "If an insurance policy is ambiguous in its terms, the policy must be construed liberally in favor of the insured, and exceptions to coverage must be interpreted as narrowly as possible in order to provide maximum coverage to the insured. However, if there is no ambiguity, an insurance contract must be enforced as written, and courts should not defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties." *Auto-Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1561 (M.D. Ala. 1996), citing C*olonial Life & Accident Ins. Co. v. Collins*, 194 So. 2d 532, 535 (Ala. 1967), *U.S. Fidelity & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985), and *Altiere v. Blue Cross & Blue Shield*, 551 So. 2d 290, 292 (Ala. 1989).

## IV.   ANALYSIS

Based on the undisputed facts recited above and the evidence contained in Sentry's Evidentiary Materials in Support of Motion for Summary Judgment, Sentry is entitled to summary judgment as a matter of law.

**A.    The Underinsured Motorist Claim Against Sentry is due to be dismissed as a matter of law.**

D.B. does not qualify as an insured under the Business Auto Policy or the Commerical Umbrella Policy.  D.B. was not occupying a covered auto or a temporary substitute for a covered auto at the time of the accident.[1]  Moreover, the Commercial Umbrella Policy, Exhibit B, expressly excludes "any loss, cost or expense payable under or resulting from ... uninsured or underinsured motorist law."

It is the insured's burden, not the insurer's, to prove coverage exists in insurance dispute cases.  *Employers Mut. Cas. Co. v. Mallard*, 309 F. 3d 1305, 1307 (11th Cir. 2002); *State Farm Fire & Cas. Co. v. Shady Grove Baptist Church*, 838 So. 2d 1039, 1043 (Ala. 2002).

Under Alabama law, "courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions, by judicial interpretation."  *Aetna Ins. Co. v. Pete Wilson Roofing & Heating Co.*, 272 So. 2d

---

[1] Admitted by the Plaintiffs, Responses to Requests for Production, Response No. 2, attached hereto as Exhibit E.

232, 235 (Ala. 1972) (The law in Alabama is clear that insurance companies have the right, in the absence of statutory provisions to the contrary, to limit their liability and write policies with narrow coverage; the insured has the option to purchase the policy or look elsewhere.").

> **1.** **There is no coverage for the Underinsured Motorist Claim under the Business Auto Policy.**

There is no UM/UIM coverage under the Business Auto Policy for the underinsured motorist claim because D.B. was not an insured and was not traveling in a covered auto or a temporary substitute for a covered auto at the time of the accident.

> **i.** **D.B. was not the Named Insured as defined by the Policy.**

South East Landscape is the "Named Insured" designated on the Declarations Page. *See* Exhibit A, CA DS 03 03 06, p.1. D.B. is not listed.

> **ii.** **D.B. was not An Insured as defined by the Business Auto Policy.**

The Alabama Uninsured Motorist Coverage endorsement provides:

**A. Coverage**

> **1.** We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured motor vehicle".
>
> ….

### B. Who Is An Insured

If the Named Insured is designated in the Declarations as ... [a] ... limited liability company, corporation ... then the following are "insureds":

**a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

**b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Exhibit A, CA 21 59 03 06, p. 2.

South East Landscape Management is designated as a corporation on the Business Auto Policy Declarations Page. Exhibit A. Meaning, for D.B. to be considered an insured, D.B. must have either: (a) occupied a covered auto or temporary substitute for a covered auto; or (b) be entitled to recover damage because of "bodily injury" sustained by another insured.

### iii.  D.B. was not "occupying" a covered "auto" or a temporary substitute for a covered "auto" at the time of the accident.

Coverage under the Business Auto Policy is limited to coverage for certain scheduled vehicles. The "covered autos" are as follows:

| Covered Auto No. | Year | Model | Body Type | VIN |
|---|---|---|---|---|
| 1 | 2005 | Chevrolet | K29 HD | 1GCHK29U15E341724 |
| 2 | 2007 | Chevrolet | K23 HD | 1GCHK23D87F183050 |
| 3 | 1998 | Utility | Trailer | TW8016982W0A03158 |

| 4 | 2004 | Utility | Trailer | 1TTBP724943870240 |
| 5 | 1996 | GMC | C33 HD | 1GCGC33R7WF024450 |

*See* Exhibit A, CA DS 03 03 06, p. 3, ITEM THREE, Schedule of Covered Autos
You Own.

D.B. was the passenger in a 2003 635 Infiniti owned by Perry Augustine.
*See* Am. Compl., para. 7.  *See also* Alabama Uniform Traffic Crash Report,
attached as Exhibit D.  The Infiniti was not listed as a covered auto in the Business
Auto Policy Schedule of Covered Autos.  Exhibit A. Furthermore, the D.B. Estate
admitted that the Infiniti is not a covered "auto". Exhibit E, no. 2.  Neither A.A.
nor Perry Augustine had ever been employees of South East Landscape
Management.  Exhibit C, pp. 47:20-48:9

The Infiniti was not a temporary substitute for a covered "auto".  For an auto
not listed in the policy to be a temporary substitute for a covered "auto", the
covered "auto" "must be out of service because of its breakdown, repair, servicing,
'loss' or destruction."  Exhibit A, CA 21 59 03 06.  Scott testified that none of his
work trucks were broken down at the time of the accident.  Exhibit C, pp. 65:7-18;
66:8-11.

### iv.    D.B. was not entitled to recover damages because of "bodily injury" sustained by another "insured".

There were no insureds involved in the November 23, 2014 accident.  A.A.
and Perry Augustine were never employed by South East Landscape Management.

18

Exhibit C, pp. 47:20-48:9.  A.A. was not driving a covered "auto" or temporary "auto" at the time of the accident.  South East Landscape Management did not own the vehicles driven by Deputy Hart or A.A.  *See* Exhibit E, no. 2.  Moreover, the occupants of A.A.'s vehicle were not performing any work on behalf of South East Landscape Management at the time of the accident.  *See* Am. Compl., para. 7.  In fact, Scott did not know D.B.'s whereabouts or the occupants' plans that night and did not expect to see D.B. until 7:00 am or 8:00 am the next morning.  Exhibit C, pp. 48:19-50:7.  He understood the boys were on their way to Dairy Queen. Exhibit C, p. 49:13-50:10.

D.B. was not the Named Insured and not an insured because he was not occupying a covered auto or temporary substitute for a covered auto at the time of the accident. Therefore, there is no coverage available under the UM/UIM endorsement in the Business Auto Policy.

**2.**   **There is no coverage for the Underinsured Motorist Claim under the Commercial Umbrella Policy.**

The D.B. Estate is not entitled to underinsured motorist benefits under the Commercial Umbrella Policy because the policy expressly excludes UM/UIM coverage and because D.B. was not an insured as defined by the policy.

**2. Exclusions**

This insurance does not apply to:

...

### f. Auto Coverages

**(1)** "Bodily injury" or "property damage" arising out of the ownership, maintenance or use of any "auto" which is not a "covered auto"; or

**(2)** Any loss, cost or expense payable under or resulting from any first party physical damage coverage; no-fault law; personal injury protection or auto medical payments coverage; or uninsured or underinsured motorist law.

Exhibit B, CU 00 01 12 01, p. 2.

Count 2 of the of the Amended Complaint seeks Underinsured Motorist benefits which are expressly excluded in the policy. Moreover, D.B.'s death arose from bodily injury arising out of the ownership, maintenance or use of the Infiniti, which was not a covered auto.

The Infiniti was owned by Perry Augustine and not a covered "auto" listed on the Sentry Policies. *See* Am. Compl., para. 7. *See also* Exhibit D; Exhibit E, no. 2. Neither A.A. nor Perry Augustine were employees of South East Landscape Management. Exhibit C, pp. 47:20-48:9. The Infiniti was not a temporary substitute for a covered "auto". For an auto not listed in the policy to be a temporary substitute for a covered "auto", the covered "auto" "must be out of service because of its breakdown, repair, servicing, "loss" or destruction." Exhibit A, CA 21 59 03 06. Scott testified that none of his vehicles were broken down at

the time of the accident.  *See* Exhibit C, pp. 65:7-18; 66:8-11.  Thus, the Infiniti was not a temporary substitute for a covered auto.

### ii.     D.B. was not an insured.

D.B. does not meet the definition of an insured as defined by Section II of the Commercial Umbrella Policy, which is required for coverage under the Commercial Umbrella Policy:

**SECTION II - WHO IS AN INSURED**

**1.** Except for liability arising out of the ownership, maintenance, or, use of "covered autos":

    **a.** If you are designated in the Declarations as:[2]

        ....

        **(3)** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

        **(4)** An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only [for certain acts].... Your stockholders are also insureds [for certain acts] ....,

    ….

---

[2] Whether South East Landscape is a corporation or LLC does not change the determination that Sentry is entitled to summary judgment and there is no coverage.

   **b.** Each of the following is also an insured:

      **(1)** Your "volunteer workers" ... your "employees"...; or your managers ..., but only for [certain] acts....

      ....

  **2.** Only with respect to liability arising out of the ownership, maintenance, or use of "covered autos":

   **a.** You are an insured.

   **b.** Anyone else while using with your permission a "covered auto" ... [with certain exceptions]....

   ....

  **3.** Any additional insured under any policy of "underlying insurance" will automatically be an insured under this insurance.

   ....

Exhibit B, CU 00 01 12 01, pp. 8-9.

D.B. is not an insured under the Commercial Umbrella Policy. D.B. was not an "executive officer," director, member or manager of South East Landscape and was not acting on behalf of South East Landscape. Scott Bieber is the sole owner of South East Landscape and has been for the past ten years. Exhibit C, pp. 60:10-18. D.B. was not the named insured and was not a passenger of a "covered auto" at the time of his death. Exhibit A. *See also* Exhibit E, no. 2. Moreover, D.B. was not an additional insured in any policy of underlying insurance, the Business Auto Policy, which there was no listed additional insured. Exhibit A.

22

The Commercial Umbrella Policy expressly excludes UM/UIM benefits and D.B. was not an insured under the policy.  Exhibit B.  As such, there is no coverage available under the policy.  Therefore, this Court should dismiss the D.B. Estate's claim for underinsured motorist benefits against Sentry and declare there is no coverage for this claim under the Sentry Policies.

**B.**     **The Wantonness Claim Against Sentry is Due to Be Dismissed.**

The D.B. Estate's claims for wantonness against Sentry are due to be dismissed because the D.B. Estate cannot prove any wanton conduct by Sentry that was causally connected to D.B.'s death.  Count One of the Amended Complaint alleges:

> 17.  On November 23, 2014, in Elmore County, Alabama, A.A. wantonly operated his automobile by crashing into the patrol care operated by Deputy Hart.
>
> 18.  As a proximate result of the Defendant's wantonness, D.B. was killed.
>
> WHEREFORE, Plaintiffs demand judgment against Defendants in a fair and reasonable amount of punitive damages....

Am. Compl. [Doc. 3].

The D.B. Estate seeks punitive damages from Sentry for the alleged wanton conduct of non-party A.A.  "Punitive damages may not be awarded in any civil action ... other than in a tort action where it is proven by clear and convincing

evidence that the defendant consciously engaged in ... wantonness...."  ALA. CODE § 6-11-20(a) (1975).

"Wantonness is defined as 'the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.'"  *Knowles by and through Harrison v. Poppell*, 545 So. 2d 40, 42 (Ala. 1989) (quoting *Hood v. Murray*, 547 So. 2d 75 (Ala. 1989)) (internal quotations omitted); *see Lankford v. Mong*, 214 So. 2d 301, 302 (Ala. 1968) ("Before a party can be said to be guilty of wanton conduct, it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury."); *see also* ALA. CODE § 6-11-20(b)(3) (1975) (where the Alabama Legislature defined wantonness as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.").

Simply stated, to prevail on a wantonness claim, the D.B. Estate must show that, "with reckless indifference to the consequences [Sentry] either consciously or intentionally did some wrongful act or consciously omitted some known duty which produced the alleged injury."  *See Norris v. City of Montgomery*, 821 So. 2d 149, 156 (Ala. 2001).  Here, there has been no evidence presented to support any conclusion that Sentry <u>consciously or intentionally</u> performed any wrongful act. In

24

fact, Sentry had no involvement in the accident that caused D.B.'s death. Moreover, A.A.'s purported wanton conduct cannot be imputed to Sentry because no agency relationship existed between A.A. and Sentry. *Foster v. Floyd*, 163 So. 2d 213, 214 (Ala. 1964). Sentry merely issued insurance policies to South East Landscape Management. Thus, there is no causal connection between D.B.'s death and any action by Sentry.

The standard of proof that must be shown is not "substantial" evidence of wantonness, but rather "clear and convincing" evidence. ALA. CODE § 6-11-20(a) (1975). That is, "evidence that ... will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion." *Id.* at (b)(4). Where there is a total lack of evidence from which a jury could infer wantonness, the claim should <u>not</u> be presented to a jury. *Army Aviation Ctr. Fed. Credit Union v. Johnson*, 716 So. 2d 1250 (Ala. Civ. App. 1998).

The D.B. Estate's wantonness claim against Sentry must fail as a matter of law. Therefore, this Court should grant this motion for summary judgment as to the wantonness claim.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Sentry Insurance Mutual Company asks the Court to render judgment dismissing the claims made by Scott Bieber and Karen

Hubbard, as co-administrators of the Estate of D.B., deceased, against Sentry and declare that there is no coverage under the Sentry Policies.

<div style="margin-left: 50%;">

Respectfully Submitted,

</div>

Dated:  June 10, 2016

<div style="margin-left: 50%;">

*/s/  Lane Finch*

F. LANE FINCH, JR.

(ASB-0027-I58F)

BRIAN C. RICHARDSON

(ASB-5241-H14U)

*Attorneys for Sentry Insurance a Mutual Company*

</div>

**OF COUNSEL:**

SWIFT, CURRIE, MCGHEE & HIERS, LLP

2 North Twentieth Street, Suite 1405

Birmingham, AL 35203

(205) 314-2401

lane.finch@swiftcurrie.com

brian.richardson@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following attorneys of record:

Michael J. Crow
Beasley, Allen, Crow, Methvin,
Portis & Miles, PC
218 Commerce Street
P. O. Box 4160
Montgomery, AL 36103

J. Evans Bailey
Ronald G. Davenport
Rushton, Stakely,
Johnston & Garret, PA
P. O. Box 270
Montgomery, AL 36101

/s/ Lane Finch
Of Counsel

3196274v.1