IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE COMPANY**                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 2:15-CV-475-KS-GMB**

**MICHAELYN BIEBER, Stepmother of**
**D.B., deceased**                                                 **DEFENDANT**


**SCOTT BIEBER and KAREN HUBBARD, as**
**Co-Administrators of THE ESTATE OF D.B., deceased**          **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:15-CV-493-KS-GMB**

**SENTRY INSURANCE A MUTUAL COMPANY**                            **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment [23] filed by State Farm Mutual Automobile Insurance Company and the Motion for Summary Judgment [25] filed by Sentry Insurance a Mutual Company. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that both motions are well taken and should be granted.

**I.  BACKGROUND**

This consolidated action is centered around a car accident occurring on November 23, 2014. D.B., the deceased minor, was riding as a passenger in a vehiclen drive by A.A., a minor non-party in this action. The vehicle driven by A.A. was a 2003 Infinity G35 owned by Perry Augustine and was insured by USAA. (Alabama Uniform Traffic Crash Report [25-4].) The vehicle collided with a vehicle driven by Deputy James Bart Hart ("Hart"), another non-party in this case. (*Id.*)  Hart's

vehicle was a 2011 Dodge Charger owned by the Elmore County Commission and was insured by Meadow Brook.  (*Id.*)  D.B. died as a result of injuries sustained in this accident.

Scott Bieber and Karen Hubbard are the parents of D.B.  The two are divorced, and by their own accounts, D.B. split his time equally between their two households.  (*See* Karen Hubbard Depo. [23-2] at p. 10:2-15; Scott Bieber Depo. [23-5] at pp. 14:1-16:13.)  Michaelyn Bieber is D.B.'s stepmother.

Michaelyn Bieber holds an automobile insurance policy (the "Bieber Policy") with State Farm Mutual Automobile Insurance Company ("State Farm"), which provides uninsured/underinsured motorist ("UM") coverage "for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle."  (Bieber Policy [23-1] at p. 12)(emphasis omitted).  Scott Bieber's company, South East Landscape Management, LLC ("South East Landscape"), holds two insurance policies with Sentry Insurance a Mutual Company ("Sentry"):  one for its business vehicles (the "Business Auto Policy") and one general commercial insurance policy (the "Commercial Umbrella Policy").

On July 6, 2015, State Farm filed suit against Michaelyn Bieber, Scott Bieber, and Karen Hubbard (collectively the "Estate Claimants"), requesting the Court issue a declaratory judgment stating that it was not liable for UM coverage under the Bieber Policy for the accident at issue.  On July 9, 2016, Scott Bieber and Karen Hubbard brought an action on behalf of the Estate of D.B. against Sentry and State Farm, claiming the Estate is owed UM coverage under the Bieber Policy, the Business Auto Policy, and the Commercial Umbrella Policy, and also bringing a claim of punitive damages for wantonness.  On August 3, 2015, Sentry submitted an Answer and Counterclaim [8], asking the Court for a declaratory judgment holding it is not liable for UM

coverage under the Commercial Umbrella Policy or the Business Auto Policy. The two cases were consolidated into one action on April 14, 2016.

On May 24, 2016, State Farm filed its Motion for Summary Judgment [23]. On June 10, 2016, Sentry also filed a Motion for Summary Judgment [25]. The Estate Claimants have not responded to either of these motions. After considering the motions, the record, and the applicable law, the Court is now ready to rule.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Eleventh Circuit has held that

> [s]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)) (alteration in original).

### B. State Farm's Motion for Summary Judgment [23]

State Farm argues that D.B. was not covered by his stepmother's insurance policy because he was not a resident relative as defined by the Bieber Policy. The UM coverage of the Bieber Policy states that State Farm "will pay for bodily injury an insured is legally entitled to recover from

3

the owner or driver of an uninsured motor vehicle." (Bieber Policy [23-1] at p. 12)(emphasis omitted). An "insured" under the policy refers to the policyholder, resident relatives, and any person occupying the policyholder's car, a newly acquired car, or a temporary substitute car. (*Id.*) As the accident that resulted in D.B.'s death did not involve Michaelyn Bieber, her car, a newly acquired car, or a temporary substitute car, UM benefits are only available if D.B. was a resident relative at the time of the accident.

The Bieber Policy defines "resident relative" as "a person, other than [the policyholder], who lives primarily with the first person shown as a named insured on the Declarations Page who is . . . related to that named insured or his or her spouse by blood, marriage, or adoption . . . ." (Bieber Policy [23-1] at p. 4.) The Alabama Supreme Court has construed "primarily" to mean "for the most part" or "chiefly," and has stated that it "fail[s] to see how a person may 'primarily' or 'for the most part' live in more than one place at one time." *State Farm Mut. Auto. Ins. Co. v. Harris*, 882 So.2d 849, 854 (Ala. 2003). This has been construed to mean that, under Alabama law, a person "can only have one primary residence at any given time." *Z.C. v. Progressive Specialty Ins. Co.*, --- F.Supp.3d ---, No. 4:14-CV-567-VEH, 2016 WL 2997219, at *3 (N.D. Ala. 2016) (emphasis in original).

Construing the facts most favorably to the Estate Claimants, D.B. resided equally in the Hubbard and Bieber households. (*See* Michaelyn Bieber Depo. [23-2] at p. 21:14-15; Karen Hubbard Depo. [23-2] at p. 10:2-15; Greg Hubbard Depo. [23-4] at pp. 5:12-6:9; Scott Bieber Depo. [23-5] at pp. 14:1-16:13.) When analyzing nearly identical language under Alabama law, the court in *Z.C.* found that a minor who split his time evenly between his parents' households did not reside primarily with either of them as required by the policy. 2016 WL 2997219 at *4. Because of the unambiguous language of the policy in that case and because plaintiffs were unable to establish that Z.C. lived primarily with his mother, the policyholder, the court found that the defendant insurer was

4

not liable and that a contrary ruling would "call[] for an impermissible rewriting of the Policy and a reversible overreach under Alabama law." *Id.* The Court finds the same to be true in this case.

If D.B., as Plaintiffs testify, resided equally with the Biebers and the Hubbards, he resided primarily with neither under Alabama law. *See Harris*, 882 So.2d at 854. Because the clear language of the Bieber Policy requires a resident relative to reside *primarily* with the named insured, then D.B. is not covered under the policy under Alabama law as he did not reside primarily with the Biebers. Therefore, the Court finds that State Farm's Motion for Summary Judgment [23] should be **granted** and shall issue a declaratory judgment stating that it cannot be held liable under the Bieber Policy for UM coverage.

### C. Sentry's Motion for Summary Judgment [25]

Sentry argues that UM benefits are not owed to the Estate Claimants as there was no coverage under either policy for the accident at issue. Sentry also argues that it cannot be held liable for the wantonness of A.A. and made to pay punitive damages.

#### 1. UM Coverage

Sentry issued two policies to South East Landscape: the Commercial Umbrella Policy and the Business Auto Policy. The UM coverage of the Business Auto Policy states that Sentry "will pay all sums the 'insured' is legally entitled to recover as damages from the owner or driver of an 'uninsured motor vehicle.'" (Business Auto Policy Endorsement [25-2] at p. 2.) Because it was issued to South East Landscape, a limited liability company,[1] the policy defines an "insured" to be:

---

[1] The Business Auto Policy lists South East Landscape as a corporation and not a limited liability company. As the definition of an "insured" is the same for both under the UM coverage, the Court finds this to be irrelevant to its analysis.

      a.      Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". [sic]  The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

      b.      Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured". [sic]

(*Id.*)  There are five covered autos under the Business Auto Policy:  a 2005 Chevrolet K29 HD, a 2007 Chevrolet K23 HD, a 1998 Utility Trailer, a 2004 Utility Trailer, and a 1996 GMC C33 HD. (Business Auto Policy Identification Cards [25-1] at pp. 19-23.)  Neither automobile involved in the accident was covered by the Business Auto Policy.  The vehicle driven by A.A. was a 2003 Infinity G35 owned by Perry Augustine and insured by USAA, and the vehicle driven by Hart was a 2011 Dodge Charger owned by the Elmore County Commission and insured by Meadow Brook. (Alabama Uniform Traffic Crash Report [25-4].)  Because no covered auto was involved in the accident, Sentry cannot be liable under the UM coverage of the Business Auto Policy.

Furthermore, the Commercial Umbrella Policy explicitly excludes coverage of any "'[b]odily injury . . . arising out of ownership, maintenance or use of any 'auto' which is not a 'covered auto.'" (Commercial Umbrella Policy [25-3] at p. 2.)  As neither the car driven by A.A. nor the car driven by Hart was a "covered auto" under any underlying insurance policy issued by Sentry, the Estate Claimants cannot recover UM benefits under this policy either.

Because Sentry is not liable for UM benefits under either policy, the Court must **grant** its Motion for Summary Judgment [25] as to the coverage issues and shall issue a declaratory judgment in its favor.

      **2.      Wantonness**

"Wantonness is defined as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an

act, injury will likely or probably result." *Knowles By and Through Harrison v. Poppell*, 545 So.2d 40, 42 (Ala. 1989) (quoting *Hood v. Murray*, 547 So.2d 75 (Ala. 1989)) (internal quotations omitted). The Estate Claimants' claim for punitive damages is premised on the allegedly wanton actions of A.A., a non-party to this suit. They have not, however, advanced any theory under which A.A.'s alleged wantonness can be imputed to Sentry. Furthermore, from the record, there does not appear to be any relationship between A.A. and Sentry from which wantonness *could* be imputed. Therefore, the Court will grant Sentry's Motion for Summary Judgment [25] on this claim, and it shall be **dismissed with prejudice**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that State Farm's Motion for Summary Judgment [23] is **granted**. State Farm is not liable for any UM coverage under the Bieber Policy for the accident at issue in this case.

IT IS FURTHER ORDERED AND ADJUDGED that Sentry's Motion for Summary Judgment [25] is **granted**. All claims against Sentry are **dismissed with prejudice**. Sentry is not liable for any UM coverage under either the Commercial Umbrella Policy or the Business Auto Policy for the accident at issue in this case.

SO ORDERED AND ADJUDGED this the 8th day of July, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE